UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN ALMAGUER-ROQUE,

       Movant,

                                       File No. 1:05-CV-578

v.

                                       HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
                                    /

## **OPINION**

This matter comes before the Court on Movant Juan Almaguer-Roque's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**I.**

On June 18, 2004, Movant appeared before the Magistrate Judge to enter a plea of guilty pursuant to a written plea agreement to one count of being present in the United States after having been deported subsequent to an aggravated felony in violation of 8 U.S.C. § 1326(a). The Magistrate Judge issued a Report and Recommendation that the plea be accepted. The Court adopted the Report and Recommendation of the magistrate judge and accepted the plea on July 2, 2004. On September 13, 2004, Movant was sentenced to a term of 57 months in prison and three years of supervised release. Movant did not appeal his conviction or sentence.

On August 29, 2005, Movant filed the instant § 2255 motion.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the

petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (quoted in *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).  Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant contends that his sentence was imposed in violation of *United States v. Booker*, 125 S. Ct. 738 (2005), because this Court enhanced his sentence based on findings of fact that were not found by a jury and were not admitted by Movant.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury. The decision called into question the constitutionality of both the State of Washington's sentencing guidelines and the federal sentencing guidelines.  In *Booker*, 125 S. Ct. 738, the Supreme Court applied the *Blakely* reasoning to the federal sentencing guidelines.  The *Booker* Court concluded that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment.  According to *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by

the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. at 756.

The *Booker* Court directed that its holding be applied to all cases on direct review. *Id.* at 769. A case is considered final and no longer direct review when a "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). In the instant case, Movant did not file a direct appeal. As a result, his conviction became final at the end of the ten-day period for filing a notice of appeal, or September 27, 2004. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004); *Clay v. United States*, 537 U.S. 522, 524-25 (2005). Movant's case therefore was final before *Booker* was decided on January 12, 2005.

The Sixth Circuit explicitly has held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to § 2255 cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir. 2005). In *Humphress*, the district court had enhanced the petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury. The Sixth Circuit concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989), for retroactive application to cases on collateral review. Specifically, the *Humphress* court found that the new rules do not forbid punishment of certain primary conduct or prohibit a certain category of punishment

for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 860-63. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id*.

Based on the clear holding in *Humphress*, Movant is not entitled to relief on his motion because *Booker* does not retroactively apply to cases that were final before January 12, 2005. Accordingly, Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 must fail.

## IV.

The files and records in this case conclusively show that the Movant is not entitled to relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.

Dated:    October 12, 2005         /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE